1 | Aaron Cross
Reg. No. 17053-014
2 | FCI Schulykill
Post Office Box 759
3 | Minersville, PA 17954

4 | Plaintiff Appearing Pro Se

**FILED**
**SCRANTON**

AUG 3 0 2010

PER ——

DEPUTY CLERK

5

6 | IN THE UNITED STATES DISTRICT COURT

7 | FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

8

9 | AARON CROSS,                                      )
                                                    )
10 |              Plaintiff,                          )
                                                    )
11 | vs.                                             )     Case No. _10-cv-1822_
                                                    )
12 | C. McKINNEY; CLAUDIA ROBERTS;                   )
PATRICK BARNES; MARYSE WAMBASH;                     )
13 | KENTON HUBBLE; JOE RUSH; DAVID                  )     **CIVIL RIGHTS COMPLAINT**
STEFFAN; and other persons not                      )     **[JURY TRIAL DEMAND]**
14 | yet named, all in their                         )
individual capacities,                              )
15 |                                                 )
              Defendants.                            )
16 | _____            )

17

18 |     Comes Now, Plaintiff, Aaron Cross, appearing pro se, initi-

19 | ating the instant action, and alleges as follows:

20 |                        **JURISDICTION**

21 |     This Court has jurisdiction over the instant suit pursuant

22 | to 28 U.S.C. § 1331.

23 |                          **VENUE**

24 |     Venue is proper since a "substantial part of the events or

25 | omissions giving rise to the claim occurred" within this judicial

26 | district.  28 U.S.C. § 1391(a)(2).

27

1           **EXHAUSTION OF REMEDIES**

2       Plaintiff has exhausted all available administrative remedies

3  in conformity with 42 U.S.C. § 1997e and relevant federal regula-

4  tions.

5                  **PARTIES**

6       Plaintiff Aaron Cross is a federal inmate serving an imprison-

7  ment term of 60 months for his conviction of a drug offense in the

8  United States District Court, District of Connecticut, Case Number

9  07-CR-120(SRU); at all times material to this suit, Plaintiff was

10 an inmate at Federal Correctional Institution Schuylkill, Pennsyl-

11 vania ("FCI Schuylkill").

12      Defendant C. McKinney was Health Services Administrator at

13 FCI Schuylkill at times material to this suit.

14      Defendant Claudia Roberts was a registered nurse at FCI

15 Schuylkill at times material to this suit.

16      Defendant Patrick Barnes was an emergency medical technician

17 at FCI Schuylkill at times material to this suit.

18      Defendant Maryse Wambach was a registered nurse at FCI

19 Schuylkill at times material to this suit.

20      Defendant Kenton Hubble was a physician assistant at FCI

21 Schuylkill at times material to this suit.

22      Defendant Joe Rush was a physician assistant at FCI Schuylkill

23 at times material to this suit.

24      Defendant David Steffan was a physician assistant at FCI

25 Schuylkill at times material to this suit.

26      The aforementioned defendants, though employed with the Federal

27 Bureau of Prisons, are being sued in their individual capacities.

### CAUSE OF ACTION
### <u>DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED</u>

Plaintiff claims that defendants violated his right to be free from cruel and unusual punishment by the following:

1. At all times material to this suit, Plaintiff suffered from a serious medical condition of "Keloids," which cause him severe itchiness, sharp pains, changes in his skin texture, and affects movements. The areas effected by the condition are Plaintiff's face, head, chest.

2. On June 25, 2009, Plaintiff submited an "Inmate Request to Staff" claiming that his "keloids hurt very bad on my face—both sides[—] and also two on my head." Exhibit A. Defendant Hubble responded to the request by suggesting that Plaintiff "come to sick call." Id. However, when Plaintiff attended sick call, he was given no treatment whatsoever.

3. From June of 2009 to September of 2009, Plaintiff was assigned to an institutional work detail at Health Services. During said time, Plaintiff routinely expressed his need for medical attention. However, each of the charged defendants refused to treat him. Plaintiff's persistence, moreover, created an atmosphere of animosity that ultimately resulted in his transfer to another detail at Food Services.

4. On October 6, 2009, Plaintiff submitted another written request for treatment of his "very painful" condition. Exhibit B. Defendant Wambach responded to the request by suggesting that Plaintiff attend sick call. Id. However, when Plaintiff did so, he was given no treatment whatsoever.

3

1    5.  On October 15, 2009, Plaintiff attended sick call again
2  complaining of pain caused by his condition, and was seen by
3  Defendant Rush who, knowing Plaintiff's condition and resulting
4  pain, concluded:  "No indications or medical necessity to pre-
5  scribe any medication today."  Exhibit C.

6    6.  On December 7, 2009, Plaintiff attended sick call again
7  complaining of pain caused by his condition, and was seen by
8  Defendant Roberts who, knowing Plaintiff's condition and result-
9  ing pain, merely recommended that Plaintiff purchase over-the-
10 counter medications, despite being told by Plaintiff that none
11 of the available ones brought him relief.  Exhibit D.

12   7.  On December 8, 2009, Plaintiff spoke to Defendant
13 Wambach who informed him that he would soon be seen by a
14 physician for his condition——however, Plaintiff was never seen
15 by one.

16   8.  On December 31, 2009, having not been seen by a physician,
17 Plaintiff again spoke with Defendant Wambach who refused to treat
18 him for his pain.  Defendant Wambach also claimed that Plaintiff
19 was scheduled to see the doctor.  Exhibit E.  However, Plaintiff
20 was never seen by one.

21   9.  On January 14, 2010, Plaintiff was prescribed Ibuprofen
22 800 mg, but soon discovered that they did nothing to ease his
23 pain and itching.

24   10.  On January 14, 2010, Plaintiff spoke to Defendant
25 Barnes concerning his on-going pain; Defendant Barnes refused
26 to provide Plaintiff treatment, instead suggesting that Plaintiff
27 speak to Defendant Wambach.

4

11.   On January 19, 2010, Plaintiff arrived at Health Services within the allotted time to sign up for sick call, however, Defendant Steffan refused to accept Plaintiff's sick call slip. When Plaintiff urged Defendant Steffan to accept the slip because of the pain and itching caused by his Keloids, Defendant Steffan said "I don't care; you must leave now."

12.   On January 22, 2010, Plaintiff arrived at sick call sign ups and was again seen by Defendant Steffan.  Plaintiff told Defendant Steffan of the pain and irritation he was feeling.  Defendant Steffan refused to provide Plaintiff any treatment.

13.   On January 29, 2010, Plaintiff arrived at sick call sign ups and was again seen by Defendant Steffan who said: "What are you doing here again?"  Plaintiff was then told by Defendant Wambach that he would be seen by the doctor during the first or second week of February, 2010.  Neither Defendant Steffan, nor Defendant Wambach provided Plaintiff with any treatment whatsoever for his pain.

14.   On February 19, 2010, having not been seen by the physician as promised by Defendant Wambach, Plaintiff attended sick call complaining of pain and irritation of his condition. In addition, the Keloids on his head were producing puss. Plaintiff was seen by Defendant Wambach who provided Plaintiff with no treatment whatsoever.

15.   On April 5, 2010, Plaintiff spoke with Defendant McKinney about the pain, irritation, and lack of medical treatment he was experiencing.  Defendant McKinney refused to provide

5

1 | Plaintiff any treatment whatsoever.

2 | 16. On June 8, 2010, during an appointment set as part of
3 | a sick-call sign up, Plaintiff was seen by Defendant Wambach
4 | who told him to stop coming to sick call, save his money by not
5 | having to pay anymore two-dollar co-payments, so he could, in
6 | Defendant Wambach's words, "save your money for a good surgeon
7 | when you get out." Defendant Wambach refused to provide
8 | Plaintiff any treatment whatsoever for the pain and irritation
9 | caused by his condition.

10 | 17. Under the "care" of said defendants, Plaintiff's con-
11 | dition worsened drastically. That is, by not treating Plaintiff's
12 | condition, the Keloids have increased exponentially in size

13 | 18. Because of defendants' deliberate indifference to his
14 | serious medical need, Plaintiff has suffered pain and irritation
15 | in violation of the Eighth Amendment of the U.S. Constitution.

16 |

17 | **RELIEF**

18 | For these injuries which remain unabated, Plaintiff demands
19 | a trial by jury.

20 | Plaintiff seeks damages from each defendant in the amount of
21 | $50,000 compensatory damages and $25,000 punitive damages.

22 | Plaintiff also seeks equitable relief as deemed fair and
23 | just.

24 | / / /
25 | / / /
26 |
27 |

6

1

<u>**VERIFICATION**</u>

2       I, Aaron Cross, knowing the penalty of perjury, do hereby

3 swear that the foregoing is true and correct to the best of

4 my knowledge.

5       SWORN to on this _23rd_ day of August, 2010, at Schuylkill

6 County, Pennsylvania.

7

8                              Aaron J. Cross
9                              Aaron Cross
                               Reg. No. 17053-014
                               FCI Schuylkill
10                             Post Office Box 759
                               Minersville, PA 17954
11
                               Plaintiff Appearing Pro Se
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

7

*Aaron Cross #17053014*
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA  17954-0759

Mailed from
Federal Correctional Institution
Schuylkill, PA



∞17053-014∞
Attn Clerk Of Courts
PO BOX 1148
Scranton, PA - 18501 - 1148
United States

RECEIVED
SCRANTON

AUG 3 0 2010

PER _____
DEPUTY CLERK